```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

FRANCIS TEJANI KUNDRA,    §
                          §
        Petitioner,       §
                          §
v.                        §    CIVIL ACTION NO. H-06-3766
                          §
SHARON HUDSON,            §
                          §
        Respondent.       §

**MEMORANDUM OPINION AND ORDER**

Francis Tejani Kundra, a native of Uganda and a convicted felon, filed a petition seeking habeas relief regarding his detention by the United States Citizenship and Immigration Authorities. Kundra has also included complaints concerning the conditions of his confinement. Respondent Sharon Hudson, District Director of the Immigration Services, has filed a Motion to Dismiss along with Notices advising the court that Kundra has been warned against filing frivolous appeals by the United States Court of Appeals for the Fifth Circuit and that Kundra has been released. See Docket Entry Nos. 23 and 26. For the reasons stated below, this action will be dismissed.

**I.  Background**

Kundra has previously challenged, without success, the deportation proceedings that have been brought against him. See Kundra v. Barrows, No. 3:05cv2425, 2006 WL 1499772 (N.D. Tex.

May 31, 2006).  Kundra entered the United States as a refugee from Uganda in 1973.  Id.  In 1982 Kundra's status was adjusted to lawful permanent residency.  On August 9, 2004, he pleaded guilty to theft of property valued at less than $2,500 and was sentenced to one year in a state jail facility.  Kundra had been previously subject to community supervision pursuant to a conviction for forgery.  As a result of the theft conviction, the state court revoked Kundra's community supervision status and sentenced him to two years in prison.  Id.  Upon his release from prison Kundra was detained by the Immigration and Naturalization Service (INS), which initiated proceedings against him based on his convictions.  Id.  Any alien who has been convicted of an "aggravated felony" may be deported.  See 8 U.S.C. § 1227(a)(2)(A)(iii).  The term "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year."  8 U.S.C. § 1101(a)(43)(G).

    Although he is a foreign national, Kundra's litigation history indicates that he is quite familiar with the federal court system.  The U.S. Party/Case Index discloses that Kundra has filed sixteen lawsuits in Texas federal courts that relate to his confinement and/or the immigration proceedings brought against him.  At least three of these civil actions have been dismissed as frivolous.  Kundra v. Gould, No. 3:05cv2518 (N.D. Tex. May 31, 2006); Kundra v. Court of Criminal Appeals, No. 3:06cv014 (N.D. Tex. Feb. 8, 2006);

-2-

Kundra v. Calhoun, No. 3:05cv2511 (N.D. Tex. Feb. 2, 2006).  In addition, the Fifth Circuit has warned Kundra that he may be sanctioned if he files additional frivolous appeals.  Kundra v. Austin, No. 06-10695 (5th Cir. Apr. 17, 2007).

## II.  Petitioner's Claims

Kundra has a practice of drafting pleadings that are rambling and difficult to interpret.  See, e.g., 2006 WL 1499772, at *1. The respondent in this action appears to have difficulty in deciphering what Kundra asserts in this current action.  See Docket Entry No. 11, at 4.  Allowing for liberal construction of his pleadings, Kundra seems to argue that he is entitled to United States citizenship under common law and substantive due process; he further contends that the United States is his home because he is a stateless individual under federal and international law.  See Docket Entry No. 1, at 2.  He also argues that he has been falsely imprisoned and subjected to cruel and unusual punishment by deportation.  Id. at 3.  Finally, he argues that he has been denied due process.  Id.  Kundra seeks $100,000,000.00 in damages for the degrading conditions, his loss of enjoyment of freedom, future suffering, and the need for medical care.  Id. at 7-8.

## III.  Analysis

As noted above, Kundra adjusted his status from that of refugee to lawful permanent resident.  However, he is subject to

removal even though his refugee status was never formally terminated.  Romanishyn v. Attorney General, 455 F.3d 175, 185 (3d Cir. 2006).  See also Kaganovich v. Gonzales, 470 F.3d 894, 898 (9th Cir. 2006) ("[A]n alien who arrives in the United States as a refugee may be removed even if the refugee status has never been terminated . . . .").

There is no basis to Kundra's argument that he is entitled to United States citizenship.  He bears the burden of showing that he has the qualifications.  See Berenyi v. District Director, Immigration and Naturalization Service, 87 S.Ct. 666, 671 (1967).  To qualify for citizenship a person must be born or naturalized in the United States.  U.S. CONST. amend. XIV. § 1.  Kundra was not born in the United States or its territories; nor has he shown that he meets any of the other criteria set forth by Congress that would establish him as a United States citizen.  See 8 U.S.C. §§ 1401-1409.

Contrary to Kundra's assertions, there is no common law naturalization.  Kundra can only become a naturalized citizen after meeting the naturalization requirements set forth by Congress.  See Omolo v. Gonzales, 452 F.3d 404, 408 (5th Cir. 2006).  Absent proof that Kundra has completed this process, he is not a United States citizen.  See Okafor v. Gonzales, 456 F.3d 531 (5th Cir. 2006) (alien's signing of oath did not exempt him from participating in required public ceremony pledging allegiance to the United States

and renouncing all former allegiances).  Kundra's claim that he is a citizen is frivolous because there is no indication that he has completed all of the mandated steps toward naturalization.

There is no support for Kundra's alternative argument that he should be allowed to stay because he is stateless.  Apparently, Kundra believes that he is stateless because of his prior refugee status.  However, a refugee is not necessarily a person without a state, and statelessness alone does not warrant asylum.  Najjar v. Ashcroft, 257 F.3d 1262, 1293 (11th Cir. 2001); Faddoul v. INS, 37 F.3d 185, 190-191 (5th Cir. 1994).  Moreover, statelessness does not protect an alien from being deported.  See Ahmed v. Ashcroft, 341 F.3d 214, 218 (3d Cir. 2003).

Kundra's complaint that his detention and possible deportation constitutes cruel and unusual punishment lacks an arguable basis in law because the Eighth Amendment does not apply to immigration detainees.  Ortega v. Rowe, 796 F.3d 765, 767 (5th Cir. 1986).  See also Thibodeaux v. Bordelon, 740 F.2d 329, 334 (5th Cir. 1984).  Moreover, Kundra does not set forth any specific facts that would demonstrate that he has been subjected to inhumane conditions or has suffered any physical injury.  See Jackson v. Widnall, 99 F.3d 710, 715-16 (5th Cir. 1996).  The alleged mental anguish he may have experienced is not actionable.  See 42 U.S.C.A. § 1997e(e).  Furthermore, Kundra's release (Docket Entry No. 26) moots any challenge he may have concerning his continued detention by the

immigration authorities. <u>Harris v. City of Houston</u>, 151 F.3d 186, 189 (5th Cir. 1998). Kundra's multiple motions for immediate release (Docket Entry Nos. 12, 18, 20, and 22), as well as his motion to be transferred to the Dallas Northern Regional Detention Center (Docket Entry No. 7), have also been rendered moot. <u>Id.</u>

With regard to the ongoing deportation proceedings brought against Kundra, the Fifth Circuit has held that Kundra failed to exhaust his administrative remedies and that the district court did not err for dismissing Kundra's petition for lack of jurisdiction. <u>Kundra v. United States Department of Justice</u>, No. 06-20342, 2007 WL 329210 (5th Cir. Jan. 30, 2007). Kundra has presented no evidence that he has satisfied the exhaustion requirement. Therefore, this court has no jurisdiction over the deportation proceedings. <u>Id.</u>

Hudson's Motion for Summary Judgment (Docket Entry No. 11) will be granted, and Kundra's unsupported motions for summary judgment and default judgment (Docket Entry Nos. 5, 8, and 25) will be denied.

## IV. Conclusion and Order

The court **ORDERS** the following:

1. Defendant Sharon Hudson's, Houston Director, United States Citizenship and Immigration Services Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED.**

2. All other motions (Docket Entry Nos. 5, 7, 8, 12, 18, 20, 22, and 25) are **DENIED.**

3. This action is **DISMISSED with prejudice**.

4. Kundra is **WARNED** that he will be sanctioned if he continues to file baseless actions or if he files any additional frivolous papers in this action.

**SIGNED** at Houston, Texas, on this the 24th day of May, 2007.

```
                           _____
                                   SIM LAKE
                          UNITED STATES DISTRICT JUDGE
```